[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Aline Senior appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicles operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after being arrested for operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the plaintiff.
Certain essential facts are not in dispute. At the plaintiff's request, the commissioner convened a hearing on the license suspension and designated James Quinn as the hearing officer with authority to render a final decision. The hearing before Hearing Officer Quinn commenced on July 13, 1994. The reports of the police officer who arrested the plaintiff were introduced in evidence along with the paper tapes produced by the intoximeter machine, all without objection. The only CT Page 2332 other evidence of significance was the testimony of the plaintiff. She testified that one of her legs was shorter than the other. As a result, she stated, she had a defective sense of balance and she claimed that would account for her poor performance on the field sobriety tests administered prior to her arrest by the police officer. The significance of this testimony, if believed by the hearing officer, is that it could undermine the determination of probable cause.
Following the plaintiff's testimony, the hearing officer granted the plaintiff's request for a continuance to enable her to obtain expert testimony regarding the reliability of the intoximeter results.
On August 3, 1994, the hearing reconvened. The plaintiff and her counsel were present. She did not have with her an expert witness, however, and there were no other witnesses present. Hearing Officer Quinn was not present, either, and no reason was given for his absence. Instead Hearing Officer Gail Kotowski stated that she would afford the plaintiff the choice of continuing the hearing to a date when Hearing Officer Quinn would be available or proceeding immediately with a hearing de novo at which she would preside.
The plaintiff through her counsel strenuously objected to the delay that would be caused by continuing the case to another day, citing significant inconvenience and expense. There then ensued a discussion between plaintiff's counsel and Hearing Officer Kotowski as to whether Kotowski would immediately commence a hearing de novo or whether the proceeding that day would be treated as a continuance of the same hearing that was commenced on July 13, 1994, before Hearing Officer Quinn. Hearing Officer Kotowski repeatedly offered to conduct a hearing de novo including, of course, an opportunity for the plaintiff to testify again and present other evidence. Kotowski stated that she did not have the tape recording of the July 13 proceeding, which included the plaintiff's previous testimony, and "I cannot make a finding of fact based upon what may have been done before unless you're willing to . . . make stipulations." The plaintiff was manifestly unwilling to stipulate to any facts or evidence. The plaintiff was also adamant in refusing to CT Page 2333 agree to a hearing de novo. Counsel for the plaintiff argued that "the only alternative is not to commence a new hearing de novo, but the other alternative is to conclude the original hearing that we're here for today." The colloquy ended with the decision by Hearing Officer Kotowski, in accordance with the repeated demands of the plaintiff, to conduct the August 3 proceeding as a continuation of the July 13 hearing.
Hearing Officer Kotowski then asked the plaintiff if she wished to present testimony or evidence. Her counsel stated that the plaintiff had nothing to and to that which had been put in the record in July. He stated further that he had no argument to make in addition to that which he had made in July. Kotowski noted that the evidence in the record that she had for review was "State's Exhibit A," consisting of the police reports and the intoximeter tapes. This material was in the record already, of course, having been admitted on July 13 by Hearing Officer Quinn. Kotowski made no mention of the plaintiff's July 13 testimony at that point, but, as noted, she had already said that she did not have it. The August 3 proceeding was thereupon adjourned.
Two days after the August 3 proceeding, Hearing Officer Kotowski rendered her decision finding (1) that there was probable cause for the plaintiff's arrest on the charge of driving under the influence, (2) that she was arrested on that charge, (3) that she was operating the vehicle, and (4) that she failed the intoximeter test. On the basis of those findings, Kotowski held that the plaintiff's license should be suspended in accordance with § 14-227b.
In her decision, Hearing Officer Kotowski wrote "Upon review of the record, State's Exhibit A (the police reports and intoximeter tapes) provides sufficient information to make a finding of all 4 issues, whether ornot the (plaintiff) testified." (Emphasis added.)
The sole basis of the plaintiff's appeal is that Hearing Officer Kotowski's finding of probable cause was based on an incomplete evidentiary record; that is, the record that Kotowski had did not contain the testimony of the plaintiff that bore directly on the issue of probable CT Page 2334 cause. Kotowski rendered her final decision, therefore, without even the opportunity to consider all of the relevant and material evidence that was in the record.
On the basis of its review of the record, particularly the transcript of Hearing Officer Kotowski's comments and observations during the August 3 proceeding and the statement in her decision quoted above, the court finds that Kotowski did not have available to her the transcript of the plaintiff's testimony and her attorney's arguments given at the July 13 proceeding at which Hearing Officer Quinn presided. Furthermore, since Hearing Officer Kotowski acceded to the plaintiff's demand that the August 3 proceeding be held simply as a continuation of the July 13 hearing, Kotowski was bound to consider the record of that July proceeding as part of the record of the entire hearing.
General Statutes §§ 4-179 and 4-180 and constitutional principles of due process of law require that a hearing officer who is authorized to make a final decision must first at least read the entire record before doing so. See Pet v. Department of HealthServices, 228 Conn. 651, 672, 681-682 (1994). In the present case, that obvious statutory and constitutional safeguard was not observed when Hearing Officer Kotowski rendered a final decision without ever having the opportunity to consider the plaintiff's testimony, which was already in the record, on a relevant and material subject.
The court's determination that the decision rendered by Kotowski was in violation of statutory and constitutional provisions does not end the case, however. As noted, except for the wrangling between plaintiff's counsel and Kotowski as to the nature of the August 3 proceeding — should it be a continuance of the July 13 proceeding or a hearing de novo? — nothing of substance occurred, nor was any evidence or legal argument on the merits added to the record. In short, Hearing Officer Kotowski had nothing on which to base a decision that had not already been introduced into the record at the July 13 hearing before Hearing Officer Quinn. Put another way, when the August 3 proceeding adjourned without adding anything new to the record, Hearing Officer Quinn was the CT Page 2335 only agency official who had completely heard the entire case; that is, all of the case on which the final decision could be based. And what he had not heard, which was the procedural debate on August 3, was irrelevant to the final decision.
General Statutes § 4-183 (f) provides that the court must reverse an administrative decision if the court finds that substantial rights of the plaintiff have been prejudiced because of constitutional or statutory violations. In this case, the plaintiff's testimony was the only evidence that was admitted to counter the police officer's written report on the crucial issue of probable cause. The failure or inability of Hearing Officer Kotowski to consider that testimony before ruling on the probable cause issue obviously created substantial prejudice to the plaintiff. For that reason, the plaintiff's appeal must be sustained.
Subsection (k) of General Statutes § 4-183 provides that the court may order the agency to take such action as may be "required by law." In this case, the action that was and is required by law is the rendering of a final decision by Hearing Officer Quinn. Under the circumstances as noted, it developed that he had indeed heard the entire case. The error was in allowing Hearing Officer Kotowski to render a decision. The case is remanded with instructions that the commissioner vacate the decision of Hearing Officer Kotowski and afford Hearing Officer Quinn the opportunity to render a final decision. Such new final decision shall be on the basis of only that evidence which was introduced at the July 13, 1994, hearing at which Quinn presided.
The plaintiff's appeal is sustained and the case is remanded to the department of motor vehicles for further proceedings consistent with this decision.
MALONEY, J.